UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV58 HEA |
| ) | |
| SUNSET AUTO COMPANY, d/b/a ) | |
| SUNSET AUTO COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 10], and Defendant's Motion to Compel Arbitration and to Stay Proceedings, [Doc. No 5]. For the reasons set forth below, the Motions are denied.

## **Facts and Background**

Plaintiff filed this matter in the Circuit Court of the County of St. Louis, Missouri on December 8, 2008, alleging that Defendant is in the business of selling and/or leasing automobiles or other property; that as part of this business Defendant "prepares and processes purchase agreements, invoices, retail installment contracts, title work, financing documents and other instruments and/or documents of legal significance that affect or relate to secular rights and title to property"; that Defendant charges customers a fee for the preparation and processing of these documents; that Defendant refers to this fee as an "Administrative Fee" and various

other names (Documentation Fee); and that by doing so Defendant engaged in the unauthorized practice of law pursuant to Mo. Rev. Stat. § 484.010, *et seq.*, violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010, *et seq.* and was unjustly enriched and negligent. Plaintiff seeks to represent an unnamed class of "persons and other entities who were charged and who paid a Document Preparation Fee in connection with their purchase, lease or servicing of an automobile, motorcycle, motor vehicle or other personal property from Defendant." Plaintiff seeks statutory treble damages under Mo. Rev. Stat. § 484.010. Plaintiff also seeks actual and punitive damages, interest, and attorneys' fees with respect to all claims. Additionally, Plaintiff seeks declaratory and injunctive relief prohibiting Defendant from continuing to charge the Documentation Fees.

Defendant acknowledges that it charged the Administrative/Documentation Fee in an amount which varied between $45 and $122.50 in connection with its sale and lease of vehicles to customers between December 8, 2003, and December 8, 2008, the date on which Plaintiff filed the instant law suit. Also during this time period, Defendant admits that it sold or leased approximately 11,744 vehicles, charging the Fee in the approximate cumulative amount of $1,141,968.25.

Defendant removed this matter to federal court on January 9, 2009, alleging that this court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(1)-(2). Plaintiff alleges that the matter should be remanded to

State court pursuant to provisions of CAFA which provide the Court with discretion to decline to exercise jurisdiction. If the Court finds that additional information is required to ascertain whether or not it should exercise jurisdiction, Plaintiff requests that the Court stay its decision on the motion to remand and permit Plaintiff to conduct limited discovery for the purpose of determining whether federal jurisdiction exists.

## **Discussion**

The CAFA, 28 U.S.C. 1332(d), provides, in relevant part, as follows:

(2) The district courts shall have original jurisdiction of any civil action in which the matter in *controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs*, and is a class action in which--

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state. (Emphasis added.)

The CAFA, § 1332(d), provides for a "home state" exception to federal jurisdiction, as follows:

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, *decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in*

*the aggregate and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--

(A)(i) over a class action in which--

(I) *greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed*;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. (Emphasis added.)

Upon determining whether remand is appropriate, a federal court should resolve all doubts in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). A defendant who removes a matter from state to federal court has the burden of establishing, by a preponderance of evidence, that the requisite amount in controversy for federal jurisdiction exists. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citing *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir.2003)); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). In particular, regarding the CAFA, the Seventh Circuit has held that, upon a motion to remand, a removing defendant has the burden to show federal jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446

(7th Cir. 2005). In the matter before the Court, Defendant argues that the amount in controversy requirement of CAFA is met; Plaintiff presents nothing which controverts Defendant's calculations of the fees, interest and attorneys' fees.

When analyzing whether a matter should be remanded to state court pursuant to § 1332(d)(4), a court must consider the factors set forth in that subsection. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006); *Hirschback v. NVE Bank*, 496 F. Supp.2d 451, 461 (D.N.J. 2007). On the other hand, the factors listed in § 1332(d)(3) for application of the home state exception are "permissive." *Hart*, 457 F.3d at 681.

Where a matter has been removed pursuant to CAFA, a plaintiff seeking remand generally bears the burden of showing that the home state exception applies. See *e.g.*, *Frazier v. Pioneer Americas LLC*, 455 F.3d 542 (5th Cir. 2006); *Hart*, 457 F.3d 675; *Serrano v. 180 Connect Inc.*, 478 F.3d 1018 (9th Cir. 2007); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).[1] Plaintiff has not met its burden to provide the court with sufficient information to determine whether, at the time Plaintiff filed his cause of action, it is likely that at least two-thirds of the class resided in Missouri or even whether more than one-third of the class resided in

---

[1] The Court notes that the Eighth Circuit Court of Appeals has not yet had the opportunity to analyze the requirements of the CAFA home state exception. However, several courts within the Circuit have followed the analysis of other circuits in requiring plaintiffs to prove the citizenship of the requisite number of the class. See, *e.g.*, *Larsen v. Pioneer Hi-Bred International, Inc.*, 2007 WL 3341698 (S.D. Iowa 2007); *Summerhill v. Terminix, Inc.*, 2008 WL 4809448 (E.D. Ark. 2008).

Missouri. See CAFA, 28 U.S.C. § 1332(d)(3)-(4). Indeed, Plaintiff has presented nothing, other than argument and speculation, from which the Court could begin to assess whether the statutory requirements have been met. As such, the Court will grant Plaintiff's request to conduct limited discovery for the purpose of obtaining such information.

## Conclusion

Based upon the foregoing analysis, Plaintiff's Motion for Remand is denied. Plaintiff has not responded to Defendant's Motion to Compel Arbitration and to Stay Proceedings, or to Defendant's Motion to Dismiss Count II (which was pending at the time of removal), presumably preferring to await a ruling on his Motion to Remand. The motions, however, are not mutually exclusive and a ruling from either this Court or the state court is inevitable regardless of the court embracing jurisdiction. Plaintiff is admonished to respond to both motions within the time allotted by this Court's local rules in order to avoid an adverse ruling for failure to respond.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 10] is denied, without prejudice;

**IT IS FURTHER ORDERED** that Plaintiff is granted until July 10, 2009, to conduct discovery relevant to determining the residence of members of the class;

**IT IS FURTHER ORDERED** that Plaintiff is granted until July 10, 2009, to refile the Motion to Remand;

**IT IS FURTHER ORDERED** that in the event Plaintiff does not file a Motion to Remand by July 10, 2009, the Court will set a Rule 16 Scheduling Conference;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and Motion to Compel Arbitration and to Stay remain pending. Plaintiff shall file a response to these motions within 5 days from the date of this Order.

Dated this 27th day of May, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE