UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV58 HEA |
| ) | |
| SUNSET AUTO COMPANY, d/b/a ) | |
| SUNSET AUTO COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Second Motion to Remand, [Doc. No. 20]. Defendant opposes the Motion and has filed a written response,[1] to which Plaintiff has filed a reply. For the reasons set forth below, the Motion to Remand is granted.

## **Facts and Background**

Plaintiff filed this matter in the Circuit Court of the County of St. Louis, Missouri on December 8, 2008, alleging that Defendant is in the business of selling and/or leasing automobiles or other property; that as part of this business Defendant "prepares and processes purchase agreements, invoices, retail installment contracts, title work, financing documents and other instruments and/or documents of legal

---

[1] Defendant also filed a Motion to Strike Plaintiff's exhibit to his Second Motion to Remand. The Court denied the Motion to Strike on August 18, 2009.

significance that affect or relate to secular rights and title to property"; that Defendant charges customers a fee for the preparation and processing of these documents; that Defendant refers to this fee as an "Administrative Fee" and various other names (Documentation Fee); and that by doing so Defendant engaged in the unauthorized practice of law pursuant to Mo. Rev. Stat. § 484.010, *et seq.*, violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010, *et seq.* and was unjustly enriched and negligent. Plaintiff seeks to represent an unnamed class of "persons and other entities who were charged and who paid a Document Preparation Fee in connection with their purchase, lease or servicing of an automobile, motorcycle, motor vehicle or other personal property from Defendant." Plaintiff seeks statutory treble damages under Mo. Rev. Stat. § 484.010. Plaintiff also seeks actual and punitive damages, interest, and attorneys' fees with respect to all claims. Additionally, Plaintiff seeks declaratory and injunctive relief prohibiting Defendant from continuing to charge the Documentation Fees.

Defendant removed this matter to this Court on January 9, 2009, alleging that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(1)-(2). Plaintiff filed a Motion to Remand in which he alleged that the matter should be remanded pursuant to provisions of CAFA that provide the court with discretion to decline to exercise jurisdiction and, alternatively, because the diversity requirements of CAFA are not met in regard to

the percentage of class members who reside in a state other than Missouri. The Court denied Plaintiff's first Motion to Remand, finding that Plaintiff had not met its burden to provide the Court with sufficient information to determine whether, at the time Plaintiff filed this cause of action, it is likely that at least two-thirds of the class were citizens of Missouri or even whether more than one-third of the class were citizens of Missouri. See CAFA, 28 U.S.C. § 1332(d)(3)-(4). Further, the Court allowed limited discovery for the purpose of Plaintiff's obtaining information relevant to a determination of the percentage of class members who were citizens of Missouri at the relevant date.

In the pending Second Motion to Remand, after conducting limited discovery, Plaintiff again contends that this matter should be remanded pursuant to the Home State Exception of CAFA, 28 U.S.C. § 1332(d).

Defendant previously acknowledged that it charged the Administrative/ Documentation Fee in an amount which varied between $45 and $122.50 in connection with its sale and lease of vehicles to customers between December 8, 2003, and December 8, 2008, the date on which Plaintiff filed the instant law suit. Also during this time period, Defendant admits that it sold or leased approximately 11,744 vehicles, charging the Fee in the approximate cumulative amount of $1,141,968.25.

In support of his Second Motion to Remand Plaintiff has submitted the

affidavit of Thomas Heutel, Vice President and member of the Board of Directors of Defendant, which affidavit states that Defendant's records reflect that the last known address for 92% of Defendant's customers who are potential class members[2] is Missouri.

## STATUTORY FRAMEWORK

CAFA, 28 U.S.C. 1332(d), provides, in relevant part, as follows:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

CAFA, § 1332(d), provides for a *"home state" exception* to federal jurisdiction, as follows:

> (3) A district court *may*, in the interests of justice and looking at the totality of the circumstances, *decline to exercise jurisdiction* under paragraph (2) over a class action in which *greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed* based on consideration of--

---

[2] Potential class members are Defendant's customers for the five years preceding the date this lawsuit was filed who were charged a Customer Services & Benefits Fee by Defendant.

- 4 -

(A) whether the *claims* asserted involve matters of *national or interstate interest*;

(B) whether the *claims* asserted will be *governed by laws of the State* in which the action was originally filed or by the laws of other States;

(C) whether the class action has been *pleaded in a manner that seeks to avoid Federal jurisdiction*;

(D) whether the action was brought in a forum with a distinct *nexus with the class members, the alleged harm, or the defendants*;

(E) whether the number of *citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State*, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court *shall* decline to exercise jurisdiction under paragraph (2)--

(A)(I) over a class action in which--

(I) *greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed*;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally

filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) *two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.*

## Discussion

When a matter has been removed pursuant to CAFA, a plaintiff seeking remand generally bears the burden of showing that the home state exception of that statute applies. See e.g., *Frazier v. Pioneer Americas LLC*, 455 F.3d 542 (5th Cir. 2006); *Hart*, 457 F.3d 675; *Serrano v. 180 Connect Inc.*, 478 F.3d 1018 (9th Cir. 2007); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006). As stated above, Defendant contends that residency differs from citizenship and that, therefore, as Plaintiff has only established residency of potential class members, Plaintiff has not met his burden to establish citizenship of class members at the time this lawsuit was filed. Indeed, residency and citizenship differ. See *Houston v. Astle*, 435 F.2d 847 (3rd Cir. 1970). Nonetheless, courts generally presume that the State of residency is the State of citizenship. See *State Farm Mut.*

*Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is prima facie the domicile."); *Fort Knox Transit v. Humphrey*, 151 F.2d 602 (6th Cir. 1945) ("[Up]on the whole record and in the absence of any challenge to the jurisdiction, the plaintiff's residence in Ohio is prima facie evidence of his citizenship in that state.").

In support of its position that Plaintiff has not met his burden to establish citizenship of potential class members at the time this lawsuit was filed, Defendant has cited *Preston v. Tenet Heathsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 800 (5th Cir. 2007). Class members in *Preston* were allegedly injured when they sought medical treatment from the defendant hospital after Hurricane Katrina. There was no evidence of the class members' addresses; the only evidence before the court was that the class members were treated at the defendant hospital, which was located in New Orleans. Upon finding that the matter should not have been remanded to State court, the Fifth Circuit considered that medical records merely reflected class members' presence in the State and that there was no additional evidence to show an "extended period of residency and employment in Louisiana prior to the forced evacuation prompted by Hurricane Katrina." 485 F.3d at 800. The Fifth Circuit made it clear, however, that *Preston* presented a unique set of circumstances because of the evacuation of Louisiana and held that, absent such

circumstances, it is presumed that potential class members are citizens of their State of residency. *Id.* (citing *Fort Knox*, 151 F.2d at 602; *Dyer*, 19 F.3d at 520). The court finds that the facts of *Preston* are clearly distinguishable from the matter under consideration because Defendant has not shown that there was a mass exodus from the State of Missouri during the relevant period. In fact, Defendant has moved to strike the Census Report, which suggested a percentage of out-migration from Missouri. The court finds, therefore, that *Dyer* and *Fort Knox* are controlling in the matter under consideration. Thus, the court can presume, absent evidence to the contrary, that 92% of potential class members, who had Missouri addresses when they paid the fee were Missouri citizens at the time this lawsuit was filed.

The Court finds that Plaintiff has met his burden of submitting evidence regarding the citizenship of the proposed plaintiff class at the time this lawsuit was filed as Plaintiff has established that 92% of the potential class members were Missouri citizens at the time this lawsuit was filed.

Defendant has not submitted evidence to rebut this presumption. See *Preston*, 485 F.3d at 800. Thus, the Court finds that two-thirds or more of the members of the proposed class, in the aggregate, were citizens of the State of Missouri at the time this lawsuit was filed. Therefore, pursuant to the mandatory provision of CAFA, 28 U.S.C. § 1332(d)(4)(B), the Court concludes that

this matter should be remanded to State court.

Assuming, arguendo, that less than two-thirds but more than one-third of potential members were Missouri residents at the time this lawsuit was filed, the Court finds that the permissive considerations of § 1332(d)(3), for declining to exercise federal jurisdiction, are applicable. First, the claims asserted by Plaintiff do not involve matters of national or interstate interest. Indeed, the regulation and definition of the practice of law is a matter of State concern.[3] See § 1332(d)(3)(A). Second, Plaintiff's claims are governed by Missouri law. In fact, Counts I and II are governed by specific Missouri statutes, Mo. Rev. Stat § § 484.010 and 407.010. See § 1332(d)(3)(B). Third, Plaintiff has not pled his cause of

---

[3] See e.g., *Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 238-39 (Mo. Ct. App. 2000), holding:

The [Missouri] Supreme Court is the final arbiter in determining what constitutes the practice of law. *Reed v. Labor and Industrial Relations Commission*, 789 S.W.2d 19, 20 (Mo. banc 1990). As such, it has the inherent power not only to define and declare what is the practice of law, but to regulate the Bar and establish rules "to prevent the practice of law by laymen or other unauthorized persons." *Hoffmeister v. Tod*, 349 S.W.2d 5, 11 (Mo. banc 11). In this regard the Legislature may aid the Supreme Court by providing penalties for the unauthorized practice of law, and for that purpose may statutorily define the practice of law so long as the statutory definitions do not conflict with the Supreme Court's rulings.

See also *De Pass v. B. Harris Wool Co.*, 144 S.W.2d 146, 148 (Mo. 1940) ("[T]he right to define the practice of law and to regulate persons engaging in such practice falls within the police power of the state ... except in so far as that right does not run contra to an Act 'made in pursuance' to the Federal constitution.").

action in a manner specifically designed to avoid federal jurisdiction. See § 1332(d)(3)(C). Fourth, Missouri has a distinct nexus with the class members. See § 1332(d)(3)(D). Fifth, *the number of citizens of Missouri who are potential class members is substantially larger than the number of citizens from any other State*. See § 1332(d)(3)(E). As such, even assuming in the alternative, that less than two-thirds, but more than one third, of potential class members were citizens of Missouri at the time this lawsuit was filed, pursuant to the permissive considerations specified in CAFA, 28 U.S.C. § 1332(d)(3)(A)-(E), the Court finds that this matter should be remanded to State court[4]

## CONCLUSION

Based upon the foregoing analysis, Plaintiff's Second Motion to Remand should be granted and that this matter should be remanded to the Circuit Court of St. Louis County.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion to Remand,

---

[4] The Court notes that CAFA places parties in a position where they must choose between the permissive and mandatory provisions of that statute, as Subsections (3) and (4) are mutually exclusive. In cases, such as the matter under consideration, where there is a fine line between whether more or less than two-thirds of the potential class members were citizens of the home state at the time the lawsuit was filed, a court must consider the intent of the statute, as evidenced by its provisions in their entirety.

[Doc. No. 20] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of St. Louis County.

Dated this 26th day of August, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE